## Commonwealth v. Hilliard

*Robert J. Stock*, for plaintiff.
*Lee C. McCandless*, for defendant.
*A. R. Cingolani, Jr.*, for petitioner.

KIESTER, *J.*, September 13, 1974—The Moniteau School District petitioned to intervene in this eminent domain proceeding for the purposes of collecting real estate taxes from any settlement with the owner. After several conferences, the parties stipulated as to the facts. The case is before the court for adjudication on the law.

The Pennsylvania Game Commission filed its declaration of taking on September 5, 1967. Thereafter the property was removed from the assessment rolls and the county assessment office marked the property exempt for 1968 and subsequent years.

On October 2, 1968, the Pennsylvania Game Commission notified the school district that the property was not eligible for "in lieu of tax payments" under Project 70, since the owner had filed preliminary objections to the "taking" and remained in possession of the property. Taxes have

not been paid. If the property had been assessed taxes would have been levied as follows:

| 1968 | $291.20 |
|------|---------|
| 1969 | 327.60 |
| 1970 | 327.60 |
| 1971 | 291.20 |
| 1972 | 291.20 |

The school district relies on the case of Klevansky v. Redevelopment Authority, 4 Pa. Commonwealth Ct. 365, 287 A. 2d 444 (1972), as clarifying the liability of land owners for payment of taxes in condemnation cases where they remain in possession. In the Klevansky case the property continued to be assessed. The court stated at page 374:

"Therefore, we hold, under the facts of this case, that the Klevanskys are liable for the real estate taxes remaining unpaid for the years 1969 and 1970, to the date of the relinquishment of possession. Such is our opinion inasmuch as the appellants were in actual physical possession and had actual use or control of the condemned property throughout that period of time."

In the instant case, Hilliard remained in possession but the property was not assessed and was removed from the tax rolls. On the latter critical point the cases are distinguishable.

The Hilliard property was not assessed and taxes were not levied. It is evident that a mistake was made in removing the property from the tax rolls. In 1968 neither the school district nor the county assessment office was aware of the fact that the Commonwealth Court would rule in 1972 that the owner in possession who objected to the taking and retained possession remained liable for real estate taxes.

Counsel fails to show that the County of Butler possesses the power to assess the property retroactively and that the school district has the power to levy taxes retroactively. Nor has counsel produced authority for the court to do what neither the county nor the school district can do.

It would seem that the owner in this case has enjoyed a windfall because of a change in the law. As a result of the Klevansky decision, the county assessment office should revise its practice and establish new criteria for the removal of condemned property from the assessment rolls.

### ORDER

Now, September 13, 1974, the petition of the Moniteau School District is dismissed. The prothonotary is directed to deliver the escrow fund with interest to Pressley Hilliard or his attorney.